IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| NEVIN BOOTH, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>GROUPON, INC., a Delaware corporation, d/b/a Groupon,<br><br>Defendant. | Civil Action No._____<br><br>**CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

**CLASS ACTION COMPLAINT**

Plaintiff Nevin Booth ("Plaintiff"), for his Class Action Complaint, alleges as follows upon personal knowledge as to himself and his own acts and experiences and, as to all other matters, upon information and belief based upon, inter alia, investigation conducted by his attorneys:

**INTRODUCTION**

1. Plaintiff Nevin Booth brings this cause of action against Groupon, Inc. for violation of Illinois gift certificate laws which prohibit expiration dates earlier than five years.

2. Groupon has made hundreds of millions of dollars by making an end run around these laws. The gift certificates Groupon sells ("Groupons") typically expire within days or weeks of purchase, and cannot be used incrementally.

3. Plaintiff is a consumer representing all consumers nationwide with regard to his claims under the Illinois gift certificate statute.

1

## PARTIES

4. Plaintiff Nevin Booth is a resident of Seattle, Washington. Plaintiff purchased gift certificates from Defendant in 2010 and 2011.

5. Defendant Groupon, Inc. is a Delaware corporation with its principal place of business in Chicago, Illinois. Groupon sells gift certificates online.

## JURISDICTION AND VENUE

6. This Court has original jurisdiction over this action under 28 U.S.C. § 1332(d)(2) because the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interests and costs, and is a class action in which at least one plaintiff, Booth, is a citizen of a State different from the defendant.

7. The Court has personal jurisdiction over Groupon because Groupon has continuous and systematic contacts with Illinois. Groupon's principal place of business and corporate headquarters are in Illinois. Groupon regularly sells "Groupons" to Illinois residents.

8. Venue is proper in this judicial district under 28 U.S.C. § 1391(b)(1) because this is the judicial district in which Defendant Groupon, Inc. is deemed to reside under 28 U.S.C. § 1391(c).

9. Venue is also proper in this judicial district under 28 U.S.C. § 1391(b)(2) because this is a judicial district in which a substantial portion of the events or omissions giving rise to the claim occurred.

10. Alternatively, venue is proper in this judicial district under 28 U.S.C. § 1391(b)(3) because this is a judicial district in which Defendant Groupon, Inc. may be found and there is no other district in which the action may otherwise be brought.

## FACTS

11. Plaintiff Nevin Booth is a resident of Seattle, Washington.

12. Plaintiff purchased a "Groupon" gift certificate from Defendant Groupon, Inc.

13. The gift certificate Plaintiff purchased was for cooking classes at the Blue Ribbon Cooking School.

14. Plaintiff purchased this gift certificate on February 9, 2010, and it purported to expire on February 9, 2011.

15. Plaintiff did not redeem his gift certificate by the February 9, 2011 expiration date.

16. Defendant Groupon's online terms and conditions provide that Groupon gift certificates may not be used incrementally. The entire value reflected in a Groupon gift certificate must be used in a single visit to the offeror of goods or services reflected in a Groupon gift certificate.

17. Defendant Groupon's terms and conditions also provide that in the event that a Groupon gift certificate purchaser fails to redeem his or her Groupon gift certificate by the expiration date, the purchaser may recover from Groupon the purchase price they paid Groupon for the gift certificate, rather than the face value of the gift certificate.

18. According to Groupon's terms and conditions, if a purchaser of a Groupon gift certificate has redeemed a portion of the value of represented by the gift certificate before the expiration date has passed, any remaining value may not be redeemed.

## CLASS ALLEGATIONS

19. Plaintiff brings this suit as a class action under Fed. R. Civ. P. 23(a), (b)(2), and/or (b)(3), on behalf of himself and the following "Class" comprised of:

3

All consumers who purchased a "Groupon."

20. Excluded from the Class are (a) Groupon, any entity in which Groupon has a controlling interest or which has a controlling interest in Groupon; (b) Groupon's employees, agents, predecessors, successors, or assigns; (c) Plaintiff's attorneys and any member of Plaintiff's attorneys' immediate family; and (e) the judge and staff to whom this case is assigned, and any member of the judge's immediate family.

21. Plaintiff reserves the right to modify this class definition prior to moving for class certification.

22. This action has been brought and may be properly maintained as a class action under Fed. R. Civ. P. 23 for the following reasons:

    a. The Class is ascertainable and there is a well-defined community of interest among the members of the Class because all Class members purchased "Groupons."

    b. On information and belief, there are millions of members of the Class residing in different states. Membership in the Class is so numerous and geographically dispersed as to make it impractical to bring all members of the Class before the Court because the identity and exact number of members of the Class is currently unknown but is estimated to be in excess of 100.

    c. Plaintiff's claims are typical of those of other members of the Class, all of whom have suffered harm due to Groupon's course of conduct as alleged herein.

    d. Plaintiff is a member of the Class because he purchased a "Groupon."

e. There are numerous and substantial questions of law and fact common to all members of the Class that control this litigation and predominate over any individual questions under Fed. R. Civ. P. 23(b)(3). The common issues include, but are not limited to, the following:

    i. Whether Groupon sells or has sold "Groupons" with unlawful expiration policies.

    ii. Whether Groupon's unfair acts or practices were committed in the conduct of its trade and commerce.

    iii. Whether Groupon's unfair acts or practices cause or caused damage or injury to Plaintiff and the other members of the Class.

    iv. Whether Groupon's unfair acts or practices are and were intentional, willful, or recklessly indifferent to Plaintiff's rights and the rights of the Class.

    v. Whether Groupon has been unjustly enriched by issuing or enforcing or selling "Groupons" with unlawful expiration policies.

f. These and other questions of law and fact are common to the members of the Class and predominate over any individual questions affecting the Class.

g. Plaintiff will fairly and adequately protect the interests of the Class in that Plaintiff has no interests that are antagonistic to other

        members of the Class and has retained counsel competent in the prosecution of class actions to represent himself and the Class.

    h.    Without a class action lawsuit, the Class will continue to suffer damage, Groupon's violations of the law or laws will continue without remedy, and Groupon will continue to enjoy the fruits and proceeds of its unlawful conduct.

    i.    Given (1) the substantive complexity of this litigation; (2) the size of the individual Class members' claims; (3) the limited resources of the Class members, few, if any, Class members could afford to seek legal redress individually for the wrongs that Groupon has committed against them.

    j.    This action will foster an orderly and expeditious administration of Class claims, will economize time, effort, and expense, and will result in uniformity of decision because all matters will be resolved at one time with a minimum of legal fees and judicial resources.

    k.    This action presents no difficulty that would impede the Court's management of it as a class action, and a class action is the best and/or the only available means by which members of the Class can seek legal redress for the harm caused by Groupon.

23.    The various claims asserted in this action are additionally or alternatively certifiable under Fed. R. Civ. P. 23(b)(1) or 23(b)(2) because:

    a.    The prosecution of separate actions by hundreds of individual Class members would create a risk of inconsistent or varying

    adjudications with respect to individual Class members, thus establishing incompatible standards of conduct for Groupon.

  b. The prosecution of separate actions by individual Class members would also create the risk of adjudications with respect to them that would, as a practical matter, be dispositive of the interests of the other Class members who are not a party to such adjudications and would substantially impair or impede the ability of such non-party Class members to protect their interests; and

  c. Groupon has acted or refused to act on grounds generally applicable to the entire Class, thereby making final declaratory and injunctive relief with respect to the Class all arise from substantially similar sets of facts and from Groupon's identical course of conduct.

## FIRST CAUSE OF ACTION
### VIOLATIONS OF THE ILLINOIS CONSUMER FRAUD AND DECEPTIVE BUSINESS PRACTICES ACT - ILLINOIS GIFT CERTIFICATES STATUTE
### 815 ILCS 505/1 *et seq.*

  24. Plaintiff incorporates by reference Paragraphs 1 through 23 as though fully set forth herein.

  25. The Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/1 *et seq.*, provides in pertinent part:

> Unfair methods of competition and unfair or deceptive acts or practices, including but not limited to the use or employment of any deception, fraud, false pretense, false promise, misrepresentation or the concealment, suppression, or omission of any material fact, with intent that others rely upon the concealment, suppression or omission of such material fact, or the use or employment of any practices described in Section 2 of the "Uniform Deceptive Trade Practices Act," approved August 6, 1965, in

conduct of any trade or commerce are hereby declared unlawful whether any person has in fact been misled, deceived, or damaged thereby.

815 ILCS 505/2.

26. At all relevant times, Plaintiff, Class members, and Groupon were "persons" within the meaning of 815 ILCS 505/1(c) because they were either natural persons or their legal representatives, or a partnership, corporation, company, or other business entity.

27. At all relevant times, Plaintiff and the Class members were "consumers" within the meaning of 815 ILCS 505/1(e) because Plaintiff and Class members purchased "Groupons" from Groupon not for resale, but for personal, family, or household use.

28. At all relevant times, Groupon conducted "trade and commerce" within the meaning of 815 ILCS 505/1(f) because it engaged in the advertising, offering for sale, and/or distribution of products or services.

29. The Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/1 *et seq.*, provides in pertinent part: "Any person who suffers actual damage as a result of a violation of this Act committed by any other person may bring an action against such person." 815 ILCS 505/10a.

30. The Illinois Consumer Fraud and Deceptive Business Practices Act prohibits the sale of a gift certificate that is subject to an expiration date earlier than 5 years after the date of issuance. 815 ILCS 505/2SS.

31. Groupon sells and has sold "Groupons" throughout the United States.

32. "Groupons" are gift certificates because they each are records evidencing a promise, made for consideration, by Groupon that goods or services will be provided to the holder of the record for the value shown in the "Groupon."

8

33. "Groupons" are subject to an expiration date earlier than 5 years after the date of issuance.

34. Groupon violated the Illinois Consumer Fraud and Deceptive Business Practices Act through its violation of 815 ILCS 505/2SS.

35. Plaintiff purchased "Groupons" from Groupon.

36. As a direct and proximate result of Groupon's violations of the Illinois Consumer Fraud and Deceptive Business Practices Act, Plaintiff and other members of the Class have suffered damages.

37. Plaintiff seeks equitable/injunctive relief and actual damages on behalf or himself and the other members of the Class for actual damages sustained as a result of Groupon's unfair acts or practices in an amount to be determined at trial as well as the costs of this suit and reasonable attorneys' fees.

38. Plaintiff also seeks punitive damages for Groupon's unfair acts or practices.

### SECOND CAUSE OF ACTION
### VIOLATIONS OF THE ILLINOIS CONSUMER FRAUD AND DECEPTIVE BUSINESS PRACTICES ACT - UNFAIRNESS
### 815 ILCS 505/1 *et seq.*

39. Plaintiff incorporates by reference Paragraphs 1 through 38 as though fully set forth herein.

40. The Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/1 *et seq.*, provides in pertinent part:

> Unfair methods of competition and unfair or deceptive acts or practices, including but not limited to the use or employment of any deception, fraud, false pretense, false promise, misrepresentation or the concealment, suppression, or omission of any material fact, with intent that others rely upon the concealment, suppression or omission of such material fact, or the use or employment of any practices described in Section 2 of the

"Uniform Deceptive Trade Practices Act," approved August 6, 1965, in conduct of any trade or commerce are hereby declared unlawful whether any person has in fact been misled, deceived, or damaged thereby.

815 ILCS 505/2.

41. At all relevant times, Plaintiff, Class members, and Groupon were "persons" within the meaning of 815 ILCS 505/1(c) because they were either natural persons or their legal representatives, or a partnership, corporation, company, or other business entity.

42. At all relevant times, Plaintiff and the Class members were "consumers" within the meaning of 815 ILCS 505/1(e) because Plaintiff and Class members purchased "Groupons" from Groupon not for resale, but for personal, family, or household use.

43. At all relevant times, Groupon conducted "trade and commerce" within the meaning of 815 ILCS 505/1(f) because it engaged in the advertising, offering for sale, and/or distribution of products or services.

44. Groupon's sale of unlawful "Groupons" is an unfair act or practice because it offends established public policy and/or Illinois and federal law and is immoral, unethical, oppressive, and unscrupulous and results in substantial injury to consumers.

45. As a direct and proximate result of Groupon's unfair acts or practices, Plaintiff and other members of the Class have suffered damages.

46. Groupon's unfair acts or practices are and were intentional, willful, and recklessly indifferent to Plaintiff's rights and the rights of the Class.

47. Plaintiff seeks equitable/injunctive relief and actual damages on behalf or himself and the other members of the Class for actual damages sustained as a result of

Groupon's unfair acts or practices in an amount to be determined at trial as well as the costs of this suit and reasonable attorneys' fees.

48. Plaintiff also seeks punitive damages for Groupon's unfair acts or practices.

### THIRD CAUSE OF ACTION
### UNJUST ENRICHMENT

49. Plaintiff incorporates by reference Paragraphs 1 through 48 above as though fully set forth herein.

50. As a result of the conduct described above, Groupon has been and will be unjustly enriched at the expense of Plaintiff and the other members of the Class.

51. Specifically, Groupon's unfair and illegal actions as described above have enabled Groupon to receive money in violation of Illinois law at the expense of Plaintiff and all other members of the Class. Groupon's receipt and retention of this financial benefit is unfair and improper under the circumstances.

52. Groupon should be required to disgorge the money retained as a result of its unjust enrichment.

### PRAYER FOR RELIEF

Plaintiff requests the following relief:

(a) A determination that this action is a proper class action maintainable pursuant to Fed. R. Civ. P. 23(a), (b)(1), (b)(2), and/or (b)(3), and appointing Plaintiff as representative of the Class.

(b) That the Court provide equitable and injunctive relief enjoining Groupon from pursuing the policies, acts, and practices described in this Complaint.

(c) The following damages on his individual claim:

    i.  Compensatory damages; and

    ii.  Punitive damages to the extent allowed under the Illinois Consumer Fraud and Deceptive Business Practices Fraud Act.

 (d) The following award to the Class:

    i.  Disgorgement of money retained through unjust enrichment as set forth above; and

    ii.  Compensatory damages under applicable law.

    iii.  Punitive damages to the extent allowed under the Illinois Consumer Fraud and Deceptive Business Practices Fraud Act.

 (e) An award of costs and expenses incurred by Plaintiff in connection with this action, including reasonable attorneys' fees, pre-judgment interest and any other award under applicable law.

 (f) Such other and further relief the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff request trial by a jury on all issues so triable under Fed. R. Civ. P. 38.

DATED: April 15, 2011    Plaintiff, through his attorneys:

/s/ Stephen A. Swedlow
Stephen A. Swedlow, IL #6234550
Maximilian C. Gibbons, IL #6282254
Matthew C. Davies, IL #6299608
KOREIN TILLERY
205 N. Michigan Ave., Suite 1940
Chicago, IL 60601
(312) 899-5063
Facsimile : (312) 641-9555
sswedlow@koreintillery.com
mgibbons@koreintillery.com
mdavies@koreintillery.com

John Du Wors
Derek A. Newman
Derek Linke
NEWMAN DU WORS LLP
1201 Third Avenue, Suite 1600
Seattle, WA 98101
Telephone: (206) 274-2800
Facsimile: (206) 274-2801
*derek@newmanlaw.com*
*linke@newmanlaw.com*
*duwors@newmanlaw.com*

Brian Strange
Gretchen Carpenter
STRANGE & CARPENTER
12100 Wilshire Boulevard, Suite 1900
Los Angeles, California 90025
Facsimile: (310) 826-3210
*lacounsel@earthlink.net*
*gcarpenter@strangeandcarpenter.com*

Attorneys for Plaintiff Nevin Booth